JUSTO MÉNDEZ CABRERA, Plaintiff and Appellant, *v.* DOLORES ESTRADA VDA. DE QUEVEDO, Defendant and Appellee.

No. 7900.   Argued January 19, 1939.—Decided February 2, 1939.

*José Veray, Jr.* for appellant.   *García Méndez & García Méndez*, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff in this suit for unlawful detainer alleged that he is the owner of a house situated in a lot in the Municipality of Isabela, which he acquired by a private document

executed in his favor by Teresa Géigel Vda. de Quevedo and her children on April 13, 1938; and that the defendant occupies said house without paying any rent whatsoever and that she has refused to vacate it notwithstanding the fact that she has been requested so to do by the plaintiff.

In opposing the complaint the defendant denied that the plaintiff is the owner of the property object of the unlawful detainer suit and alleged that the document of sale which the complaint holds "has no value nor legal effect whatsoever, since the supposed vendors have never been the owners of the house in question." And as special defense the defendant alleged that the house object of the suit belongs exclusively to her and to her children; that they acquired it while her husband was living by purchase from José Estrada 31 years ago, and that since that date they have occupied it as owners, quietly, publicly and peacefully; that neither Teresa Géigel Vda. de Quevedo nor her children nor the deceased Eduardo Quevedo, from whom the succession inherited, had at any time any title or interest in said house; that due to the confidence reposed in his brother, Eduardo Quevedo, by her deceased husband, the latter delivered to the former the title or deed of purchase of the house to be kept for him, which Teresa Géigel Vda. de Quevedo has in her possession and refuses to return to the owner, the defendant; and that neither her deceased husband nor she nor her children have ever transferred their rights in the property object of the suit.

The cause was heard before the District Court of Aguadilla, which rendered judgment dismissing the complaint for the following reasons:

"The facts established by the documentary evidence are corroborated by the testimony of the witnesses, which also tends to show that Juan Quevedo, the brother of Eduardo H. Quevedo, was always in bad financial situation for which reason his brothers Eduardo and Francisco always had to help him, protecting him constantly and that the deceased Eduardo H. Quevedo in or about the years 1909–10

bought from José Estrada Valle the house object of the unlawful detainer suit that his brother Juan Quevedo should live it with his family and that that is why the defendant and his family have always lived in it without paying any rent whatsoever.

"The evidence of the defendant consisted in her own testimony and in that of the witnesses Pascual Faura, José Serra and Antonio Bonilla, and from the same it appears that the defendant has lived the house object of the unlawful detainer suit for from 28 to 29 years and that she has repaired the same.

"The defendants sustained in her testimony that they acquired the house in question by purchase in 1907 from José Estrada del Valle, by private document which her husband gave to Eduardo Quevedo, his brother, to keep for him, due to the fact that her husband was a gambler while her brother-in-law, Eduardo H. Quevedo, was a reliable and serious person and that the fact that the defendant has not paid taxes was because she though that the property was exempt from the payment of taxes; that this opinion of her's was based on the fact that she only paid $100.00 for the property.

"As can be seen, the evidence of the defendant and of the succession from which the complainant derives his right have tended to prove that both are owners of the property object of the unlawful detainer by a series of unipersonal, voluntary and optional acts.

"In view of the evidence presented, the court might further comment the same, but we think this would be superfluous, since a conflict of titles exists, which titles are not very clear, it is obvious that a plenary suit should have been instituted and not the summary and special action of unlawful detainer, since in the former the right of title to the property in question may be amply discussed.

"Neither the vendor succession nor the defendant herein have presented the document by which they acquired the property, notwithstanding the fact that the witnesses of both parties testified that both had purchased by an extrajudicial or private document, and they have not even brought as a witness the person from whom they allege to have acquired the property."

After a prolonged study of the transcript of evidence we agree with the lower court that a true conflict of titles appears which should be decided in a plenary suit and not in a summary and special proceedings such as unlawful detainer. See: *Sucrs. of Huertas González* v. *Rosario,* 50

P.R.R.——, ——; *Porto Rican Leaf Tobacco Co.* v. *Colón*, 50 P.R.R. ——; *Colón* v. *Colón*, 51 P.R.R. ——.

The judgment appealed from should be affirmed.